UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

SANDRA FRANKLIN,

    Plaintiffs,                                CASE NO: 8:20-CV-0038

vs.

M.N.G., INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Sandra Franklin ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues M.N.G., INC., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the District of Nebraska pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Nebraska.

3.    Plaintiff, Sandra Franklin (hereinafter referred to as "Franklin or Plaintiff")

is a resident of Omaha, Nebraska and is a qualified individual with a disability under the ADA. Franklin suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she is quadriplegic, requires the use of a wheelchair for mobility, and has limited use of her upper extremities. Prior to instituting the instant action, Plaintiff personally and regularly visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject property of Defendant due to its lack of compliance with the ADA. Plaintiff continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, M.N.G., INC., is a corporation company registered to do business and, in fact, conducting business in the State of Nebraska. Upon information and belief, M.N.G., INC. (hereinafter referred to as "M.N.G") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically: Bill's Convenience Store located at 3928 Maple Street, in Omaha, Nebraska (hereinafter referred to as "Convenience Store").

5. All events giving rise to this lawsuit occurred in the District of Nebraska.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date

of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Convenience Store owned by Defendants is a place of public accommodation in that it is a Convenience Store or other sales or rental establishment, operated by a private entity that provides goods and services to the public.

8. Defendant, M.N.G, has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Convenience Store in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Convenience Store owned by M.N.G. Prior to the filing of this lawsuit, Plaintiff personally and regularly visited the Convenience Store at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that the Plaintiff personally encountered. In addition, Plaintiff continues to desire and intends to visit the Convenience Store, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access which remain at the Convenience Store in violation of the ADA. Plaintiff has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. M.N.G is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiffs as a result of *inter alia*, the following specific violations that Plaintiffs personally encountered:

   i. There is no van accessible parking provided;

   ii. The parking space currently provided that has some indicia of accessibility lacks an adjacent access aisle necessary for a wheelchair user, lacks raised signage designating it as accessible and is not located on the closest accessible route to the entry;

   iii. There is a ramp leading to the entrance from the parking area has a running slope that is too steep as well as sides that are too steep for a wheelchair user;

   iv. The checkout counter at the point of sale is too high and out of reach for a wheelchair user;

12. There are other current barriers to access and violations of the ADA at the Convenience Store owned and operated by M.N.G that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, M.N.G was required to make its Convenience Store, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, M.N.G has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by M.N.G pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against M.N.G and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate

       and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 22nd day of January, 2020.

                                        Respectfully submitted,

                                        s/ Edward I. Zwilling
                                        Edward I. Zwilling, Esq.
                                        Ala. Bar No. ASB-1564-L54E
                                        *Attorney for Plaintiff*
                                        Law Office of Edward I. Zwilling, LLC
                                        Birmingham, Alabama 35242
                                        Telephone:   (205) 822-2701
                                        Email: edwardzwilling@zwillinglaw.com