UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

SANDRA FRANKLIN,

    Plaintiffs,                                       CASE NO: 8:20-CV-0038

vs.

M.N.G., INC.,

    Defendant.
_____/

**MOTION TO ENFORCE SETTLEMENT AGREEMENT**

COMES NOW Plaintiff, SANDRA FRANKLIN ("Plaintiff") by and through the undersigned counsel, and hereby moves this honorable Court for an order enforcing the terms of the settlement agreement entered into between the parties, and in support thereof states as follows:

1. This is a claim brought pursuant to Title III of the Americans with Disabilities Act seeking removal of architectural barriers to wheelchair users such as Plaintiff, primarily with regard to parking and the route to enter the subject convenience store.

2. Plaintiff engaged an accessibility consultant to inspect the property and the parties, with input from Plaintiff's expert, reached a collaborative resolution of the substantive issues.

3. The parties executed a confidential settlement and release agreement, which

shall be submitted for *in camera* inspection simultaneously herewith, via email to chambers.

4. Plaintiff does not dispute that Defendant has removed the architectural barriers about which she had complained in accordance with their negotiations as reflected in the settlement and release agreement.

5. However, the settlement and release agreement, in paragraph 4(A), required certain payments to be made to undersigned counsel to defray a portion of the time and expense incurred in prosecuting this matter on Plaintiff's behalf, none of which have been received.

6. As a result of the COVID-19 pandemic, undersigned counsel agreed to modify the payment schedule by reducing the amount of payments and increasing the term of payments, upon request of Defendant, hence the handwritten revisions and initials confirming acceptance of such revised terms.

7. Despite such renegotiation in light of the pandemic, no payments have been received to date.

8. The terms of the agreement further indicate, in paragraph 4(B), that a stipulation of dismissal is not due to be filed until execution of the settlement agreement *and* receipt of the agreed payments.

9. This court has original jurisdiction to resolve the claims brought in this suit and which were resolved by the settlement agreement of the parties during the pendency of this suit, pursuant to 28 U.S.C §§ 1331 and 1343.

10. Despite being courts of limited jurisdiction, federal district courts have inherent powers to summarily enforce settlement agreements between the parties in cases pending before them. *See, Román-Oliveras v. Puerto Rico Elec. Power Auth. (PREPA)*, 797 F.3d 83, 86–87 (1st Cir. 2015) (district court indisputably had the power to enforce a settlement before the case had been dismissed); *Hensley v. Alcon Labs., Inc*., 277 F.3d 535, 540 (4th Cir. 2002)( district courts have inherent authority, deriving from their equity power, to enforce settlement agreements); *Dacanay v. Mendoza*, 573 F.2d 1075, 1078 (9th Cir. 1978)( courts have inherent power summarily to enforce a settlement agreement with respect to an action pending before it; the actual merits of the controversy become inconsequential).

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests entry of an order compelling Defendant to abide by the terms of the settlement agreement in this matter and entry of a final judgment in accordance therewith.

Dated this 5th day of June, 2020.

Respectfully submitted,

 s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Ala. Bar No. ASB-1564-L54E
*Attorney for Plaintiff*
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone: (205) 822-2701
Email:edwardzwilling@zwillinglaw.com

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this the 5th day of June, 2020, a true and correct copy of the foregoing has been emailed to the following:

  Scott P. Moore
  Baird Holm LLP
  1700 Farnam Street
  Suite 1500
  Omaha, NE 68102
  Telephone: 402-344-0500
  Email: spmoore@bairdholm.com

              s/ Edward I. Zwilling
              OF COUNSEL